PHILIP R. SELLINGER
United States Attorney
KEVIN J. MAGGIO
Assistant United States Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
(973) 986-6708
Kevin.Maggio@usdoj.gov
*Attorneys for Federal Bureau of Prisons*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERGEL OLIVER MAFILES, <br><br> *Plaintiff,* <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, <br><br> *Defendant.* | Hon. _____ <br><br> Civil Action No. 24-7315 <br><br> **NOTICE OF REMOVAL** |

To: Melissa E. Rhoads, Esq.        Clerk
Clerk of Court                          Superior Court of New Jersey
United States District Court       Law Division, Special Civil Part
District of New Jersey               Small Claims Section
Mitchell H. Cohen Building        Burlington County
& U.S. Courthouse                    Burlington County Courthouse
4th & Cooper Streets               49 Rancocas Road
Camden, NJ 08101                    Mount Holly, New Jersey 08060

Vergel Oliver Mafiles
Reg. No. 27687-018
Plaintiff *pro se*
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

PLEASE TAKE NOTICE that this action, previously pending in the Superior

Court of New Jersey, Law Division, Special Civil Part, Small Claims Section,

Burlington County, Docket No. BUR-SC-000738-22 (the "State Court Action"), is

removed by Defendant Federal Bureau of Prisons ("BOP") to the United States District Court for the District of New Jersey.  BOP, by and through its undersigned attorneys, respectfully states the following in support of the removal of this action:

1.      On December 19, 2022, Plaintiff Vergel Oliver Mafiles ("Plaintiff") filed a Complaint in the State Court Action against BOP.  *See* Ex. 1 (Complaint).

2.      On January 17, 2023, Plaintiff filed an Affidavit of Diligent Inquiry advising the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Section, Burlington County (the "State Court") that he was "unable to effect personal service upon" BOP because he is incarcerated.  Ex. 2 at 2–3 (Aff. of Diligent Inquiry).[1]  However, Plaintiff averred that he did not consult any directories, make any phone calls, use the internet, or contact the United States Postal Service in an attempt to identify any address through which he could have effected service.  *Id.*

3.      On January 25, 2023, the State Court issued a notice scheduling a non-jury trial for February 23, 2023.  Ex. 3 (First Trial Notice).[2]  On February 27, 2023, the State Court issued a second notice scheduling a non-jury trial for March 15, 2023, and adjourned the original trial date.  Ex. 5 (Second Trial Notice).  On March 14, 2023, the State Court issued a third notice scheduling a non-jury trial for March 23, 2023.  Ex. 6 (Third Trial Notice).

4.      On March 23, 2023, the State Court entered an Order of Disposition noting the following: "NON APPEARANCE BY DEFENDANT DEFAULT

---

[1] Pincites to Exhibits are to anticipated ECF page numbers.

[2] The State Court's notice indicates that it was sent to BOP's headquarters in Washington, D.C., on January 26, 2023.  Ex. 4 (Trial Summons); *see also infra* ¶ 9. (discussing deficiencies in the service of process in the State Court Action).

ENTERED." Ex. 7 (Order of Disposition). On August 3, 2023, the State Court entered a default judgment against BOP in the amount of $1,292.95. Ex. 8 (Default Judgment).

5.      On March 6, 2024, BOP's Northeast Regional Office in Philadelphia, Pennsylvania, received notice of the default judgment for the first time. Ex. 9 (Letter from Plaintiff); Ex. 10 at 11 (Mot. to Set Aside Default & Vacate Default J.). On May 6, 2024, BOP moved before the State Court for an order setting aside the default and vacating the default judgment. Ex. 10 (Mot. to Set Aside Default & Vacate Default J.).

6.      On June 14, 2024, the State Court held a virtual hearing on BOP's motion, Ex. 11 (Hearing Notice), in which Plaintiff and counsel for BOP participated. Later that day, the State Court issued an order: (1) granting BOP's "Motion to Vacate Default Judgment . . . as the [State] [C]ourt lacks subject matter jurisdiction, as set forth more fully on the record;" and (2) requiring that "Plaintiff shall remove this case to Federal Court within fourteen (14) days of the date of this Order." Ex. 12 (Order).[3]

7.      In the Complaint, Plaintiff alleges that BOP mishandled his personal property following his transfer from the Federal Correctional Institution in Estill, South Carolina ("FCI Estill") to the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), resulting in the destruction of Plaintiff's property. Ex. 1 at 2 (Complaint). Plaintiff values that property at $1,250.95. *Id.*

---

[3] During the June 14, 2024 hearing, BOP indicated that it (not Plaintiff) would remove the State Court Action.

8.      28 U.S.C. § 1442(a)(1) provides that a civil action commenced in state court may be removed to federal district court if the suit involves a claim against "[t]he United States or any agency thereof . . . for or relating to any act under color of [federal] office . . . ."  Here, the Complaint asserts a tort claim against BOP, a federal agency within the United States Department of Justice,[4] "for loss of property due to staff negligence and disregard for personal property."  *See* Ex. 1 at 5 (Complaint).  Additionally, BOP has colorable federal defenses available to it.  For instance, to the extent Plaintiff's claim is brought under the Federal Tort Claims Act,[5] such claim may be barred by the United States' sovereign immunity.[6]  Second, to the extent Plaintiff is attempting to appeal BOP's rejection of the administrative claim he submitted to BOP under 31 U.S.C. § 3723 concerning the same personal property at-issue here, *see* Ex. 1 at 7 (Complaint Ex.), the decision to settle or not settle such claims is within the exclusive authority of BOP and its decision is not subject to judicial review.[7]  Thus, removal is appropriate under 28 U.S.C. § 1442(a)(1).  *See, e.g.,*

---

[4] *See* U.S. Dep't of Justice, *Agencies*, https://www.justice.gov/agencies/chart (last visited June 26, 2024).

[5] While BOP has been named as a defendant here, the only proper federal defendant for a claim brought under the Federal Tort Claims Act is the United States of America.  28 U.S.C. § 2679; *see also, e.g., Bailey v. U.S. Marshals Serv. Headquarters*, 426 F. App'x 44, 45–46 (3d Cir. 2011); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

[6] 28 U.S.C. § 2680(c); *see also Adeyi v. FCI Ft. Dix. Health Servs.*, No. 09-5316 (JBS/JS), 2012 WL 2076520, at *4–5 (D.N.J. June 7, 2012) ("[I]t is clear that the FTCA does not waive the United States' sovereign immunity with respect to claims such as [p]laintiff's tort claims based on [BOP's] alleged failure to secure plaintiff's personal property." (citing *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008))).

[7] 31 U.S.C. § 3721(k); *see also Adeyi*, 2012 WL 2076520, at *5 ("[T]he BOP's decision to settle or not settle [p]laintiff's [31 U.S.C. § 3723] claim is not subject to judicial review." (citing *Merrifield v. United States*, 14 Cl. Ct. 180, 184 (Cl. Ct. 1988))).

*Golden v. N.J. Inst. of Tech.*, 934 F.3d 302, 309–10 (3d Cir. 2019) (discussing requirements of section 1442(a)(1)); *Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 810–13 (3d Cir. 2016) (same).

9.    Plaintiff has not served BOP under Federal Rule of Civil Procedure 4(i). Plaintiff also has not served BOP under New Jersey Court Rule 4:4-4(a)(8),[8] which requires that service upon a public body be effected "by serving a copy of the summons and complaint . . . on the presiding officer or on the clerk or secretary thereof[.]"  Here, Plaintiff's complaint and the State Court's first trial notice contain an address for BOP's headquarters in Washington, D.C. and only refer to the recipient generally (i.e., as BOP).  Ex. 1 at 2 (Complaint); Ex. 3 at 2 (First Trial Notice).  Neither of those documents were addressed to the specific federal facility in which Plaintiff is incarcerated (i.e., FCI Fort Dix) nor list any specific federal official as the recipient (e.g., presiding officer, clerk, or secretary thereof).  Ex. 1 at 2 (Complaint); Ex. 3 at 2 (First Trial Notice).  Accordingly, Plaintiff failed to effect personal service upon BOP under the New Jersey Court Rules or the Federal Rules of Civil Procedure, and BOP reserves its right to contest service of process.

10.    Any process, pleadings, or orders from the State Court Action not discussed above are attached as Exhibit 13.

11.    A copy of this Notice of Removal will be electronically filed with the Clerk of the Superior Court of New Jersey, Law Division, Special Civil Part, Small

---

[8] The State Court's service by mail program set forth in New Jersey Court Rule 6:2-3(d) is inapplicable here because that program does not apply to service of process outside the State of New Jersey.  *See* N.J. Court Rule 6:2-3(a) ("Service of all process outside this State may be made in accordance with R. 4:4-4 and 4:4-5.").

Claims Section, Burlington County.  28 U.S.C. § 1446(d).  Courtesy copies of the Notice of Removal will also be mailed to the both the clerk of the State Court and the presiding Judge.

THEREFORE, in accordance with 28 U.S.C. § 1442(a), the State Court Action is hereby removed to the United States District Court for the District of New Jersey for further proceedings.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By:   *s/ Kevin J. Maggio*
      KEVIN J. MAGGIO
      Assistant United States Attorney
      *Attorneys for Federal Bureau of Prisons*

Dated: June 27, 2024

6